## TERRITORY OF NEW MEXICO *v.* YGNACIO RIVERA.

DEFENDANT IN CAPITAL CASE ENTITLED TO LIST OF JURY.—Under the statutes of this territory the defendant in a capital case is entitled to a list of the jury accepted for the term upon demanding it twenty-four hours before trial, and if such demand be refused, a judgment of conviction will be reversed.

ORAL INSTRUCTIONS NOT PROPER.—Where the record on appeal in a criminal case shows that the jury were instructed orally, it is ground for reversing a judgment of conviction.

APPEAL from the district court for Santa Fe county. The opinion states the case.

*M. A. Breeden*, for the defendant and appellant. 1. The court erred in refusing to give the defendant a list of the jury twenty-four hours before trial as asked in a motion filed and now found in the record: *State* v. *Klinger*, 46 Mo. 224; Laws of N. M., 1866, p. 154. 2. The court erred in refusing to give the instructions to the jury in writing: Comp. Laws of N. M., p. 200; *State* v. *Cooper*, 45 Mo. 64; Bouv. Law Dict. 559; Hammond N. P., title Suit, 270; *Ray* v. *Wooters*, 19 Ill. 82; *Gile* v. *The People*, 1 Col. 60; *People* v. *Trim*, 37 Cal. 274; *People* v. *Sanford*, 43 Id. 29.

*Henry L. Waldo, attorney-general, for the territory.* The record shows that defendant did not demand a list of the jurors until after the cause had been set down for and called for trial, without objection. The court was not required to postpone the trial after the same was called. If the defendant desired a list of the jurors he should have called for the same before the cause was called for trial.

. The statute providing for the delivery of a list of the jurors to the defendant is a directory statute, and a failure to comply with the same is not cause of reversal, unless it appears that the defendant was injured thereby: Laws of New Mexico, 1866, p. 154; Sedgwick on Construction of Statutes, 316 *et seq.* It is questionable whether the statute requiring the instructions to be in writing applies to criminal cases. It appears from the record that the defendant

made no objection to the omission of the court to put its instructions in writing until after the same were delivered. The statute requiring instructions to be in writing is a directory statute, and that it was disregarded is no ground for a reversal: Id. The court will not reverse on the ground that the instructions were not in writing, unless it appears that the court in its instructions misdirected the jury: *Francisco Leonardo* v. *Territory, ante,* 291. The refusal of the court to exclude the witnesses from the court-room was not error. It is a matter entirely in the discretion of the court: Roscoe's Crim. Ev., marginal page 128; 1 Greenl. Ev., sec. 432. The evidence in the cause and the instructions given by the court not being before this court, this court can not determine whether the instructions asked for by the defendant were proper or otherwise.

By Court, Parks, J.:

It appears from the record in this cause, that the appellant was indicted for murder in the first degree, at the July term, 1877, of the district court of Santa Fe county, and was tried in said court, at the July term thereof, 1878, and convicted of murder in the third degree, and sentenced to three years' imprisonment in the county jail or territorial prison. He brought the case into this court by appeal. The errors assigned are: 1. That the court "refused to give the defendant a list of the jury twenty-four hours before the trial, as asked in a motion filed and now found in the record." 2. That the court refused to give the instructions to the jury in writing.

The bill of exceptions recites, "that in open court, and immediately upon the impaneling and accepting by the court aforesaid of the petit jury, summoned and accepted for the term and court aforesaid, and upon the first day of said term of said court, and before the jury selected for the trial of said defendant had been sworn to try said cause and defendant, and before said defendant was arraigned, and had pleaded to the indictment in the above-entitled cause, this defendant, by his attorney, by motion in writing made to the court aforesaid, demanded and solicited of said court,

that a list of the jury in said cause be furnished to him, said defendant, twenty-four hours before his said trial under the indictment aforesaid, which demand and solicitation the court aforesaid then and there refused, and which refusal was then and there excepted to by this defendant."

It is provided in the Compiled Laws of New Mexico, sec. 20, p. 372, that "a list of jurors summoned shall be given to the defendant in all capital cases forty-eight hours before the trial, and in all other cases, before the jury is sworn, if required." This provision is so amended (see Laws 1866, p. 154) as to provide "that in all capital cases a list of the jury shall be delivered to the party demanding the same twenty-four hours before the trial, and in all other cases as provided by law."

It is admitted by the prosecution in this case, that the appellant had a right to demand a list of the jury twenty-four hours before the trial, but it is claimed that he waived that right by consenting to go to trial without having demanded it. The bill of exceptions does not show any such waiver or consent; on the contrary, it shows that he did demand it on the first day of the term, and immediately upon the impaneling and accepting by the court of the petit jury, summoned and accepted for the term, and before he was arraigned. It is difficult to see how he could have demanded it sooner, and yet it was refused, and he was obliged to go to trial, not only without the benefit of the twenty-four hours, but, for aught that appears in the record, without the list being furnished him at all.

The provision of the statute above quoted is a wise one; it is clearly in furtherance of justice. It is intended to guard persons indicted for a crime punishable with death, as in this case, against the damage of being tried by an improper jury. It gives them one day to inquire into the character and qualifications of the men by whom they are to be tried, to ascertain, so far as they legally may, whether those men, or any of them, are likely to be influenced by prejudice or passion—whether they are likely to try the case fairly and impartially and render a true verdict according to law and the evidence. The refusal of the court to allow the

defendant in this case the benefit of this salutary law can not be justified by anything that appears in the history of the trial, as related in the bill of exceptions. It is manifest error.

As to the second error assigned, the record shows that the court gave to the jury oral instructions in the case; that the only instructions given were oral; that after said oral instructions were given and concluded, the defendant, by his counsel, requested the court to instruct the jury in writing, which the court refused to do. The only authority cited, to show the right of the court to give oral instructions is a dormant decision of the supreme court of this territory. This court, in the case of *Territory* v. *Basilio Perea, ante,* 627, decided at this term, has overruled this decision so far as it conflicts with the statute requiring instructions to a trial jury to be in writing. It was decided in that case that the only proper mode of giving instructions, and particularly in regard to the higher grade of crimes, is for the district court to give in writing, all that it deems necessary or even proper to say to the jury in its charge. The giving of oral instructions in this case is a clear violation of the law, as laid down by this court, in the case referred to.

For the reasons above given, the judgment of the district court is set aside, and a new trial granted.