324 P.2d 781

STATE of New Mexico, Plaintiff-Appellee,

v.

Vincent JOHNSON, AKA Skippy Kiwanucka, Defendant-Appellant.

No. 6321.

Supreme Court of New Mexico.

April 23, 1958.

LaVor W. Burnham, Aztec, H. A. Daugherty, Farmington, for appellant.

Fred M. Standley, Atty. Gen., Hilario Rubio, Asst. Atty. Gen, for appellee.

SHILLINGLAW, Justice.

An information was filed on August 29, 1956, by the assistant district attorney of San Juan County, New Mexico, charging the appellant, Vincent Johnson, with rape on or about August 25, 1956, in the County of San Juan, by act of sexual intercourse with a female under the age of sixteen years.

Appellant signed a confession to having done the acts as related by the prosecuting

witness. Later, he testified to being impotent. His statements after arrest and his testimony in court constitute the only evidence of impotency in the case.

Counsel for the appellant in the court below, who incidently is not counsel upon this appeal, made no request for an instruction on the defense of impotency. The first point urged upon this appeal is that although no instruction upon that defense was tendered to the trial court, that court should upon its own motion have instructed on that defense in view of the evidence.

This Court has held that it is not error for the trial court to fail to instruct upon a specific defense if the defendant did not request and tender a proper instruction on that point. State v. Compton, 57 N.M. 227, 257 P.2d 915. A proper instruction must have been submitted to the trial court in order to preserve for review an error of the trial court in an instruction. State v. White, 58 N.M. 324, 270 P.2d 727.

The appellant contends that the fact situation here comes under another line of cases decided by this court: to-wit, where fundamental error has been committed the court will examine into such error to determine that the fundamental rights of the defendant have not been violated. State v. Garcia, 19 N.M. 414, 143 P. 1012; Crawford v. Dillard, 26 N.M. 291, 191 P. 513; State v. Taylor, 32 N.M. 163, 252 P. 984.

The appellant further urges that this case is controlled by State v. Walton, 43 N. M. 276, 92 P.2d 157. There, the appellant had been tried and convicted of statutory rape. At the trial, in response to a question presented, he stated that it had been three years since he and his wife had engaged in sexual relations. His wife testified that it had been about two years, the reason for the abstinence being, " * * * because he had lost his sexual powers."

We are not controlled by the Walton case. Here, we have no instruction on the defense of impotency tendered, while in the Walton case a proper instruction had been tendered. The court there said that it was reversible error to fail to give the tendered instruction or one of the court's own motion. We construe the language of the court to mean that an instruction upon the court's own motion could have been given in lieu of the tendered instruction. We do not feel that the trial court must have given an instruction upon its own motion if none at all was tendered by the defendant.

The instant case is controlled by the rule requiring the tender of proper instructions to preserve error in the event an instruction is not given.

In view of the confession and statements made by the appellant admitting the act, we feel that there was no fundamental

error committed and no reason exists for this Court to reverse the verdict and judgment for that reason.

As his second point on appeal, appellant contends that the story of the prosecuting witness is inherently improbable and is not supported by substantial evidence. Without setting forth in detail the acts that led up to and constituted the offense, we find that the story related by the prosecuting witness is not inherently improbable and the appellant in his confession admits its truth. The verdict of the jury and judgment of the court are supported by substantial evidence.

Appellant finally contends that the information filed in this case charging the defendant as a habitual criminal is defective since it failed to allege that the date of the crime was subsequent to 1929, the date of the Habitual Criminal Act. This contention is without merit. Sec. 41–6–11, N.M.S.A., 1953 Comp. Upon direct examination appellant stated he had pleaded guilty of statutory rape in Fall River, Massachusetts in 1935. We feel that the information was sufficient to constitute notice to the appellant of the offense charged as required under section 41–6–7, N.M. S.A., 1953 Comp.

The court's judgment and sentence recited that an information was filed charging the appellant with one previous felony; that the appellant admitted he was that person therein described; and that the allegation of the previous conviction was true.

We believe that the above portion of the judgment and sentence shows that a separate information was read to the appellant and that a plea was entered thereto.

Finding the contentions advanced by the appellant to be without merit, the verdict and judgment of the lower court are affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.