326 P.2d 367

STATE of New Mexico, Plaintiff-Appellee,

v.

Warren T. BAIZE and Pauline Criqui, Defendants-Appellants.

No. 6375.

Supreme Court of New Mexico.

June 4, 1958.

find beyond a reasonable doubt the beer claimed to have been sold contained more than one-half of one percent of alcohol which is the statutory definition of alcoholic liquor as it relates to beer set out in sec. 46–1–1 1953 N.M.S.A.

Instruction No. 5 given to the jury reads:

"5. The material allegations contained in the information which must be proved to your satisfaction and beyond a reasonable doubt by the evidence introduced in this case, are:

"(a) That Warren T. Baize and Pauline Criqui sold alcoholic liquor, to-wit: ten cans of beer, without a license so to do;

"(b) That this occurred in Curry County, New Mexico between the hours of 10:00 pm and 11:25 pm on the 14th day of May, 1957, or at some other time within two years next preceeding May 16, 1957, that being the date the information was filed in this court."

Hartley, Buzzard & Patton, Clovis, for appellants.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Hilton A. Dickson, Jr., Asst. Attys. Gen., for appellee.

McGHEE, Justice.

The appellants were convicted of the offense of selling alcoholic liquor (Coors beer) without having a license permitting them to do so.

The sole ground urged for reversal is that the trial court committed fundamental error when it failed on its own motion to instruct the jury they must

The appellants did not request the jury be instructed as to the percentage of alcohol in the beer, and stated in answer to a question by the court that they had no objections to the instructions as prepared, although they did except to the refusal of the court to give certain requested instructions.

170

We have held time and again a defendant must call the attention of the trial court to any claimed error in the instructions by appropriate objection before they may obtain a reversal on account of such error. See State v. Compton, 57 N.M. 227, 257 P.2d 915.

The defendants themselves in their requested instruction No. 3 repeatedly referred to the beer taken by the officers from the tables in the club where the beer was sold and which was introduced in evidence as alcoholic liquor. The entire case was tried on the theory the beer was in fact alcoholic liquor. One of the witnesses to whom beer was served lived in Texas and testified that he had drank 3.2 beer there, and that the beer served him by the appellants contained more alcohol than the Texas beer.

We have said a number of times the doctrine of fundamental error is for the protection of the innocent, and we do not believe this case is one to which it should be applied, even if we felt the instruction was erroneous for failure to refer to the necessary alcoholic content. The evidence clearly establishes the guilt of the defendants.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, COMPTON and SHILLINGLAW, JJ., concur.