381 P.2d 963

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Reynaldo MONTOYA, Defendant-Appellant.**

**No. 7211.**

Supreme Court of New Mexico.

May 20, 1963.

Leslie D. Ringer, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., F. Harlan Flint, Norman S. Thayer, Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Chief Justice.

The appellant was convicted by a jury of Mora County of the crime of murder in the first degree and, from the judgment imposing sentence of life imprisonment, he appeals.

We relate some of the evidence upon which the jury reached its verdict. There was a dance in Wagon Mound on the night of April 3, 1961, which was attended by the appellant. After the dance, the appellant, accompanied by five companions, including Jose Inez Armijo, the deceased, drove his automobile west of Wagon Mound a short distance "to drink and sing for a while." They stopped at Ocate Hill. Shortly an argument arose between them. Appellant accused them, particularly the deceased, of damaging his automobile. Admittedly, the deceased broke out a piece of cardboard then used to cover the left front window, the glass of which had previously been broken. The argument became heated and appellant told them to get out of his car. All got out except the appellant. The deceased stated to appellant that they did not need his car to get back to town, and all started walking back toward Wagon Mound. The appellant

drove back to Wagon Mound, passing the group on the way.

Shortly thereafter, appellant, accompanied by his mother and a friend, Arturo Martinez, returned to Ocate Hill where they met the five walking. He stopped his car and the mother and Arturo Martinez got out. Another argument arose between her and the deceased. There is evidence that the argument resulted in the deceased hitting her. She and Arturo Martinez got back into the automobile and appellant drove west about one half mile. The walking group continued on toward Wagon Mound afoot, two walking on the north edge of the traveled portion of the road, and the others walking abreast on the south side. Suddenly they heard and saw an automobile approaching from the west. As it neared them the motor was accelerated, and it veered to the south some 4 feet onto the grass, striking the deceased and inflicting the fatal injury. The deceased was dragged some 50 to 60 feet. The right wheels traveled some 65 or 70 feet on the grass before reentering the road. Appellant did not stop at the scene. When arrested the following day he stated that he was mad at the deceased for what he had done to his mother; that he saw the deceased and intentionally ran the automobile into him.

 It is first contended that there was a complete failure of proof as to delibera-

tion and premeditation. We find the contention without merit. While deliberation and premeditation are essential elements of murder in the first degree, these, like other elements, may be shown by direct evidence or by circumstances from which their existence may be inferred. State v. Ybarra, 24 N.M. 413, 174 P. 212. The question was for the jury, and we think the facts and surrounding circumstances warranted a finding by the jury that the killing was malicious, deliberate and premeditated.

 It is next contended that the verdict in part rests upon fundamental error. The basis of this claim was the failure of the court to instruct the jury on voluntary manslaughter. It is asserted that the same evidence tending to establish deliberation and premeditation shows that the killing was done in the heat of passion. This claim of error cannot be sustained. While the doctrine of fundamental error has its place in our jurisprudence, State v. Garcia, 19 N.M. 414, 143 P. 1012, this is not such a case. The appellant was represented by able counsel and no request was made of the trial court for an instruction on voluntary manslaughter, nor did he tender any with a request that it be given to the jury. His failure to do so constitutes an effective waiver of any right he may have had for such an instruction. State v. Garcia, 46 N.M. 302, 128 P.2d 459; State v. Simpson,

39 N.M. 271, 46 P.2d 49; State v. Johnson, 64 N.M. 83, 324 P.2d 781. It is understandable that no request was made since the appellant insisted that the killing was accidental. We think the evidence supports the verdict.

Other claimed errors have been brought to our attention. We have considered these and no prejudice is shown. If errors they be, they are deemed harmless errors.

The judgment should be affirmed, and it is so ordered.

CARMODY and CHAVEZ, JJ., concur.