412 P.2d 405

STATE of New Mexico, Plaintiff-Appellee,

v.

Ernest LUJAN, Defendant-Appellant.

No. 7897.

Supreme Court of New Mexico.

March 21, 1966.

William W. Osborn, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

CHAVEZ, Justice

On January 8, 1965, appellant was found guilty of two counts of violation of § 54–7–14, N.M.S.A., 1953 Comp., which prohibits the sale, giving, or delivery of a narcotic drug without compliance with the Narcotic Drug Act.

When brought before the trial court for sentencing, appellant's attorney moved to have the information charging appellant with being an habitual criminal dismissed. The motion was denied.

Appellant then admitted being the same person who was convicted of taking a motor vehicle without the consent of the owner in 1956, and of unlawfully possessing narcotics in violation of § 54–7–13, N.M.S.A., 1953 Comp., in 1960.

Appellant was sentenced to two concurrent terms in the penitentiary, of not less than five years nor more than twenty years for the two narcotic counts of which appellant was found guilty on January 8, 1965; also another term in the penitentiary, to run concurrently with the other two terms, of not less than ten years nor more than forty years was rendered by the trial court, acting under the habitual criminal·provi-

sions, §§ 40A–29–5 and 40A–29–7, N.M.S.A., 1953 Comp.

Appellant's first contention is based on the allegation that appellant's testimony showed evidence of entrapment, and that the trial court should have instructed the jury on the defense, whether or not it was requested to do so. We do not reach the State's alternative answer to this contention, in which it alleges that the evidence did not warrant such an instruction.

The record fails to show tender of an instruction on entrapment, and it appears from the wording of appellant's contention that there was no such tender. Appellant cites Gerrard v. Harvey & Newman Drilling Company, 59 N.M. 262, 282 P.2d 1105, as construing Rule 51(a) and 51(g) of the Rules of Civil Procedure (Rule 51(a) is made applicable to criminal cases by its own language) to require the trial court to give the jury the fundamental law applicable to the facts of the case before it. Not only is that case one concerning workmen's compensation but, as the State indicates, a single-judge opinion on the point for which appellant cites it. As this court said in Smith v. Spence & Son Drilling Company, 61 N.M. 431, 301 P.2d 723:

"* * * Actually, since two of the justices in the Gerrard case dissented and two specially concurred, the opinion of Mr. Justice Kiker becomes a majority opinion upon the single point upon which he and the specially concurring justices agree, namely, the award of a new trial for error in giving Instruction No. 5, as mentioned in the specially concurring opinion. * * *"

Examined further, Gerrard v. Harvey & Newman Drilling Company, supra, does not help appellant. The example given to support the statement which appellant cites reads:

"* * * To illustrate: if, in a homicide case, the facts presented were such that the defendant might be convicted of murder in the first degree, or the second degree or for voluntary manslaughter, as the jury might determine, then under (a) of rule 51 it is the duty of the court, whether requested so to do or not, to instruct the jury as to each of said degrees. Failure to do so would offend against subsection (a). To the contrary, however, if threats by either deceased or the defendant should be shown by the evidence, the burden would not rest on the court to discuss threats unless requested by defendant in writing before the retirement of the jury. * * *"

The entrapment defense suggested by the appellant has an effect similar to that which threats might have in a homicide case. The quoted portion of the opinion clearly places the burden of requesting instructions concerning such matters on the defendant.

Recent criminal cases decided by this court have clearly adopted the view that the defendant must tender this type of instruction before he can be heard to complain of the court's failure to give it.

In State v. Johnson, 64 N.M. 83, 324 P.2d 781, the court was asked to hold that, although no request for an instruction on impotency in a rape case was made, the trial court should have done so on its own motion. The court said:

"This Court has held that it is not error for the trial court to fail to instruct upon a specific defense if the defendant did not request and tender a proper instruction on that point. * * * A proper instruction must have been submitted to the trial court in order to preserve for review an error of the trial court in an instruction. * * *"

■ This court further diminished what was said in Gerrard v. Harvey & Newman Drilling Company, supra, in State v. Montoya, 72 N.M. 178, 381 P.2d 963. Rejecting a contention that fundamental error existed, when the court failed to instruct on voluntary manslaughter in a homicide trial, we there said:

"* * * The appellant was represented by able counsel and no request was made of the trial court for an instruction on voluntary manslaughter, nor did he tender any with a request that it be given to the jury. His failure to do so constitutes an effective waiver of any right he may have had for such an instruction. * * *"

What was said there concerning able counsel is true in this case. When appellant failed to tender an instruction on the defense of entrapment, he waived any right to such an instruction. He cannot now ask for a new trial due to such failure.

Appellant next contends that since § 54–7–15, N.M.S.A., 1953 Comp., provides for enhanced punishment for repeated violations of the Narcotic Drug Act, the general enhanced-punishment provisions concerning habitual criminals, §§ 40A–29–5 through 7, supra, are not applicable to repeated narcotic violations.

This is a case of first impression in New Mexico and, because narcotic drugs acts and habitual criminal statutes vary greatly among the states, there is little precedence on which to rely.

Section 54–7–15 of the New Mexico Narcotic Drug Act provides:

"Any person violating the foregoing sections [54–7–13, 54–7–14] shall, upon conviction thereof, be punished as follows:

"A. For the first offense, upon conviction, he shall be fined not more than two thousand dollars ($2,000) and imprisoned not less than two [2] years nor more than ten [10] years.

"B. For the second offense, or if in case of a first offense of a violation of any provision of this act [54–7–13 to 54–7–15] the offender shall have previously been convicted of any violation of the laws of the United States or any state, territory or district of the United States relating to narcotic drugs or marijuana, the offender shall be fined not more than two thousand dollars ($2,000) and imprisoned not less than five [5] years nor more than twenty [20] years.

"C. For the third or subsequent offense, or if the offender shall previously have been convicted two [2] or more times in the aggregate of any violation of the laws of the United States or any state, territory or district of the United States, relating to narcotic drugs, or marijuana, the offender shall be fined not less than two thousand dollars ($2,000) and shall be imprisoned not less than ten [10] years nor more than forty [40] years.

"D. If an adult be convicted of any offense defined in the foregoing sections by selling or otherwise disposing of narcotic drugs or marijuana to a minor, such adult shall, without reference to the number of offenses, be fined not more than ten thousand dollars ($10,000) and imprisoned for not less than twenty [20] years nor more than life. For the purpose of this subsection, an adult is defined as a person of either sex twenty-one [21] years of age or over, and a minor is defined as a person of either sex under the age of twenty-one [21] years.

"Upon conviction of any offense by an adult under the Uniform Narcotic Drug Act, the imposition or execution of a sentence shall not be suspended or probation or parole shall not be granted until the minimum imprisonment provided for the offense shall have been served. Provided that if it shall appear to the court that the defendant is addicted to the use of narcotics, the court may order sentence to be served at a correcting institution or hospital other than the state penitentiary; and providing further that if the correcting institution or hospital certifies that the defendant is cured of the use of narcotics, the defendant may be placed on probation for the remainder of the sentence."

Section 40A–29–5, N.M.S.A., 1953 Comp., provides:

"Any person who, after having been convicted within this state of a felony, or who has been convicted under the laws of any other state government or country, of a crime or crimes which if committed within this state would be a felony, commits any felony within this state not otherwise punishable by death or life imprisonment, shall be punished as follows:

"A. Upon conviction of such second felony, if the subsequent felony is such that, upon a first conviction the offender

**116**

would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than half the longest term, nor more than twice the longest term prescribed upon a first conviction.

"B. Upon conviction of such third felony, if the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than three [3] times the longest term prescribed upon a first conviction.

"C. Upon conviction of such fourth felony, then such person must be sentenced to imprisonment in the state penitentiary for the term of his natural life."

 Here we are faced with two statutes which cannot be reconciled. Repeals by implication are not favored by this court, but if two statutes have the same objects and relate to the same subject, this court must construe the later act as having repealed the earlier. State v. Montiel, 56 N.M. 181, 241 P.2d 844; State v. Valdez, 59 N.M. 112, 279 P.2d 868. Such is not the case here and, although the habitual criminal statute, § 40A–29–5, supra, a part of the Criminal Code which repealed many earlier laws, was passed at a later date than the enhance-

ment portion of the Narcotic Drug Act, § 54–7–15, supra, we do not see that their objects are similar.

The enhancement provisions of the Narcotic Drug Act differ appreciably from the enhancement provisions of the Criminal Code. In § 54–7–15(C) of the Narcotic Drug Act, there is provision for "the third or subsequent offense." But § 40A–29–5 of the Criminal Code provides life imprisonment as the penalty for conviction for a fourth felony, which would qualify only as a "subsequent offense" under the Narcotic Drug Act.

While the habitual criminal statute, § 40A–29–5, supra, does not consider a case where the offender is a minor, § 54–7–15 (D), supra, provides for a penalty of a fine up to $10,000 and imprisonment for 20 years to life, in case of an adult offender. The latter portion of § 54–7–15 provides for hospitalization in certain cases, as well as for the disallowance of any suspension or parole until the minimum imprisonment provided for the offense has been served. The habitual criminal statute has no such provision. These factors indicate to us that the legislature intended the "object" of providing special punishment for violators of the Narcotic Drug Act when it passed § 54–7–15, supra, and a different "object" when it passed § 40A–29–5, supra.

 We therefore turn to the well stated doctrine in State v. Blevins, 40 N.M. 367,

60 P.2d 208. This court quoted 59 C.J., Statutes, § 623, and said:

"* * * It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment. * * *

"* * * the state had no alternative in the matter but to prosecute the appellant under the special statute, * * *."

We find the above doctrine applicable to the case before us. The habitual criminal statute is a general one pertaining to felonies. The statute is highly penal in nature, and we feel constrained to interpret its application narrowly. See, for example, State v. Dalrymple, 75 N.M. 514, 407 P.2d 356. We feel the legislature intended that, when a person is convicted of a violation of the Narcotic Drug Act, he is to be punished for that offense in accordance with § 54–7–15, supra. There is no provision in that section for considering prior non-narcotic convictions, when sentencing a person for violation of the Narcotic Drug Act. There-

fore, the trial court is restricted to that section and may not enhance appellant's sentence because of appellant's prior conviction for auto theft.

Reading the habitual criminal statute and the Narcotic Drug Act together, we feel that we are following the intent of the legislature. Clarification, if any is required, is a matter for the consideration of the legislature.

Appellant's last contention, concerning the sentence given under § 40A–29–5(B), supra, for a third felony conviction, is no longer applicable in the light of what we have said.

Appellant was properly sentenced on two counts of violation of § 54–7–14, supra. However, the cause is remanded to the trial court for the sole purpose of setting aside the judgment and sentence made under the habitual criminal statute, § 40A–29–5, supra. In all other respects, the judgment heretofore entered shall remain in full force and effect.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.