416 P.2d 146

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Marlin G. SMITH, Defendant-Appellant.**

**No. 7968.**

Supreme Court of New Mexico.

July 5, 1966.

Cliff Payne, Lovington, Donald D. Hallam, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

CARMODY, Chief Justice.

Defendant Marlin G. Smith appeals from a conviction of first degree murder in the shooting death of Roosevelt Pope.

He first urges that the trial court erred in proceeding to impanel a jury without having at least 36 prospective jurors, representing combined regular and emergency petit jury panels, physically present from which to select twelve jurors. He also urges error under § 41–10–2, N.M.S.A., 1953 Comp., in that no list was provided him of special jurors called after the original panel had been exhausted with only nine jurors yet accepted by both parties; he admits, however, that no demand was ever made for such list as required by the statute.

As to the first half of this argument, defendant does not deny that there were originally at least 36 prospective jurors on the panel as required by § 19–1–25, N.M.S.A., 1953 Comp. At time of trial 36 members of the panel were, after questioning, found qualified for jury duty. Of these, seven were excused for good cause, and selection of the jury began. Defendant objects to this procedure, contending, in effect, that if jurors are excused for good cause, the trial must be postponed until such jurors are replaced. However, neither the statute nor any authority cited by defendant so requires. The record gives no indication, nor does defendant contend, that any member of the jury finally selected was biased or prejudiced or that the defendant was not accorded a fair and impartial trial. Defendant had no vested right to have any particular juror sit on the trial of his cause unless already accepted and sworn; it is enough that it appear that his cause was tried by an impartial jury, State v. Martinez, 1948, 52 N.M. 343, 198 P.2d 256; State v. Leatherwood, 1920, 26 N.M. 506, 194 P. 600. Generally, it is not the practice to fill the places of jurors who have been excused after summoning and before impaneling, so long as there remain sufficient jurors from which to complete a jury, Clough v. State, 1878, 7 Neb. 320; Martin v. State, 1847, 16 Ohio 364; L.R.A.1916A 822, 823.

After the existing panel had been exhausted with only nine jurors selected, the court, pursuant to § 19–1–23, N.M.S.A., 1953 Comp., drew the names of 20 additional persons; sixteen appeared, were

questioned and found to be qualified. Selection of the jury was then completed. Defendant contends error because no list or information concerning the additional names was ever furnished him. Section 41–10–2, N.M.S.A., 1953 Comp., provides:

"In all capital cases a list of the jury shall be delivered to the party demanding the same twenty-four (24) hours before the trial, and in all other cases as provided by law."

Defendant admits that he made no demand for the list, and therefore his reliance on Territory v. Rivera, 1879, 1 N.M. 640, is to no avail. However, in any event, it was certainly never contemplated that the list of names of the special panel, drawn under § 19–1–23, supra, must be served twenty-four hours before the trial, because, if such were required, there would of necessity be a 24-hour delay in every case where the regular panel became exhausted. To sustain defendant's contention would be to thwart the intention of the statute, which was enacted to expedite the trial of cases.

Defendant next asserts that the trial court erred in refusing to grant his motion for a bill of particulars. The short form information read as follows:

"Joseph O. Walton, Assistant District Attorney in and for the County of Lea accuses Marlin G. Smith of the crime of murder contrary to Section 40A–2–1, Criminal Code of 1963, and charges that the defendant did murder Roosevelt Pope by shooting him with a gun and that this did happen on or about the 30th day of June, 1964, in Lea County, New Mexico."

Of course, if the information fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the constitution, the motion should have been granted, § 41–6–8(1), N.M.S.A., 1953 Comp. However, we cannot agree that the defendant did not have sufficient information to enable him to prepare his defense. He first claims that he was entitled to be advised under which of the subsections of § 40A–2–1(A), N.M.S.A., 1953 Comp., he was charged. However, the manner and means charged, "by shooting him with a gun," gave defendant ample information of the charge against him. State v. Roy, 1936, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1. There were sufficient particulars of the offense alleged to enable the defendant to prepare a defense, State v. Graves, 1963, 73 N.M. 79, 385 P.2d 635, and he is not entitled to more.

Defendant also maintained that the state should allege whether it intended to prove express or implied malice, so he could determine whether the charge was first or second degree murder. However, the motion plainly indicates that he knew he was being charged under § 40A–2–1(A), supra, and thus he must have known that

the charge was first degree murder. We cannot see how he could have been prejudiced by a failure to allege the specific type of malice.

■ Finally, the defendant's motion sought to require the state to allege the approximate time of day of the offense. In this connection, reliance is placed upon State v. Mosley, 1965, 75 N.M. 348, 404 P.2d 304. However, in Mosley, the district attorney had furnished a bill of particulars showing the approximate time of the death of the decedent. We stated that the defendant was entitled to know "the approximate time of day." This language must be considered in connection with the facts of the Mosley case, and does not necessarily mean that a defendant in all cases is entitled to be advised by bill of particulars the approximate time of the alleged offense. Here, the defendant knew that he could only be required to account for the time between approximately six o'clock, p. m. and midnight, inasmuch as the record is plain that he was released from the penitentiary on the day of the killing and did not return to Lovington until six o'clock in the evening. Thus the necessity for the state in this case to give the approximate time would have been a useless thing, and we are of the opinion that the facts alleged were sufficient to give this defendant reasonable information as to the approximate time of the offense and the defendant was not prejudiced. State v. Graves, supra.

■ Defendant next contends that the evidence was insufficient to sustain a conviction of murder in the first degree, claiming that the most the state can establish is a shooting in the heat of passion indicating a killing of an impulsive nature rather than one with deliberation and premeditation. Admittedly, the evidence is circumstantial, but the essential elements of murder in the first degree, including the elements of deliberation and premeditation, may be shown not only by direct evidence but by circumstances from which their existence may be inferred, State v. Montoya, 1963, 72 N.M. 178, 381 P.2d 963; State v. Ybarra, 1918, 24 N.M. 413, 174 P. 212, and contradiction makes the state's evidence no less substantial, State v. Truelock, 1962, 70 N.M. 389, 374 P.2d 141.

The evidence shows that the deceased, Pope, had been "keeping company" with defendant Smith's wife and apparently driving Smith's car while Smith was confined in the penitentiary, all of which was known to Smith while incarcerated. A psychologist for the defense testified that Smith had related to him an incident in the prison when Pope and Smith's wife had visited Smith. Smith told the psychologist that before leaving Pope had said, "Don't worry, Smitty, I've got your wife. and your car covered." After his release from prison on the morning of the day of the shooting, Smith returned to Lovington, arriving there after six p. m. About nine p. m. that

evening, Smith borrowed a blue and white Buick, saying that he wanted to go to town to tend to some business. Shortly after Smith had borrowed the car, the owner heard something that "sounded like a gunshot," then saw the car going back toward the cafe where Smith had borrowed it. When he got back to the cafe, he heard Smith say, "I shot him." Another witness across the street from Pope's house about nine p. m. heard what sounded "like a firecracker," then saw Smith driving a blue Buick from the direction of Pope's house. She followed Smith to the cafe, located about three blocks from Pope's house, and saw him get out holding a gun. The same witness saw Smith later that night, and testified that "He just said he hoped that he hadn't killed him. He thought he might have missed him, but he said he hoped he hadn't killed him and he might have." Another witness testified that Smith had said, "I don't see how in the world I could have missed him, if I did, I'm glad." Pope's body was discovered about 4:30 a. m.; he had been shotgunned in the back.

There was also testimony in the record to the effect that Smith had stated that he had learned to kill a man while he was in prison, that he had said he killed Pope not about the woman, but "about his stuff," and that he had expressed resentment toward Pope for Pope's "use" of Smith's wife and car.

The question of deliberation and premeditation was one for the jury to determine upon a consideration of all the surrounding circumstances tending to show the relation of the parties to each other and the animus of the accused toward the deceased, State v. Ybarra, supra. Evidence in this case and the inferences the jury was entitled to draw therefrom were sufficient to sustain the conviction of first degree murder. Compare State v. Montoya, supra; State v. Hernandez, 1931, 36 N.M. 35, 7 P.2d 930; State v. Ybarra, supra.

Finally, defendant urges error in the court's refusal to give requested instructions, claiming that the court's instructions did not cover the defendant's theory of the case. Examination of the instructions requested and those given shows that the court's instructions, while not expressed in the same language as defendant requested, adequately covered defendant's theory of mental disability, so defendant's argument is without merit.

The judgment is affirmed. It is so ordered.

CHAVEZ, NOBLE, MOISE and COMPTON, JJ., concur.