**Milton Carl JUSTUS, Appellant,**

v.

**STATE OF NEW MEXICO, Appellee.**

**No. 9063.**

United States Court of Appeals
Tenth Circuit.

Feb. 13, 1967.

Rehearing Denied July 27, 1967.

G. Stanley Crout, Santa Fe, N. M., for appellant.

L. D. Harris, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

The appellant is a prisoner in the New Mexico State Penitentiary, having been convicted in 1954. He filed a petition for a writ of habeas corpus with the United States District Court. An attorney was

appointed, and an evidentiary hearing was held. The appellant then took this appeal which is concerned primarily with the voluntary nature of a confession.

Appellant asserts that his initial confession, a written and signed one, was obtained through the application of physical violence by a Texas Ranger during interrogation at Canadian, Texas. This confession was not introduced at the trial, but the officers who subsequently questioned appellant testified as to incriminating statements he then made to them, and testified that he changed his story from time to time. We do not decide whether this written confession carried over into the subsequent oral statements made by appellant or prompted them as this issue is not reached.

The record shows that a voir dire examination of the first witness who was to testify as to incriminating statements was held by the trial court before the testimony was to be presented before the jury. The trial court decided the testimony could be admitted, and it went to the jury. The requirements of Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (U.S. January 23, 1967), were apparently complied with although they may not be applicable to this 1954 trial. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The appellant was not able to appeal his case in the proper time, but was granted a delayed appeal. In the meantime he had filed several applications for post conviction relief in the state courts asserting various grounds. One of these petitions in 1956 raised, among others, the issue of a "coerced confession." The state trial court appointed an attorney for appellant, held a hearing on the merits, and denied relief. As indicated above, the New Mexico Supreme Court thereafter heard petitioner's appeal from his jury trial, and affirmed. State v. Justus, 65 N.M. 195, 334 P.2d 1104. The transcript of the trial as prepared for such appeal is a part of the record here. The issue of the voluntary nature of the confession was not discussed in the New Mexico Supreme Court opinion. The issue was not raised in the subsequent petitions for post conviction relief filed by appellant in the state courts. The record shows that some seven or eight petitions have been filed by appellant in the state district courts. Most of these were disposed of summarily. The state supreme court has also considered six or seven original petitions by appellant raising a variety of issues.

Appellant raises the question, as stated by him, as to whether the United States District Court was in error in "disregarding the controlling, uncontradicted, positive testimony of appellant that the confession was obtained by violence." This point is based on the fact that appellant testified at the hearing in the United States District Court that the confession was so obtained. No witnesses testified at the hearing to the contrary. Thus the trial court had before it the appellant's testimony, the evidence as to the sequence of events, and who was present during the time the interrogation took place. It also had before it the fact that the state court had made a determination of the coerced confession issue when raised in appellant's habeas corpus petition filed in that court.

Under the recent amendments to 28 U.S.C.A. § 2254 pertaining to the petitions of state prisoners filed in the federal courts, when a state trial court has made a determination of a factual issue after a hearing on the merits, and the other several requirements are not shown to have been omitted it will be presumed to be correct. The petitioner then has the burden to establish by convincing evidence that the factual determination by the state court was erroneous. Here the state court made such a determination of the factual issue here raised within the meaning and intent of 28 U.S.C.A. § 2254 (Pub.L. 89–711, 80 Stat. 1104), and appellant failed to establish and it does not otherwise appear nor does respondent admit that any of the stated circumstances existed which would prevent the presumption from arising. Thus the appellant failed to meet the

statutory burden and the trial court was not in error in dismissing his petition.

■ Appellant also urges that an unconstitutional restraint is placed on appeal in the state court by reason of the state's rule that the time for measuring eligibility for a parole hearing commences with the date of the mandate of the state supreme court and not from the date of conviction. It appears however that this rule is applied to all appeals and no denial of equal protection resulted.

Affirmed.