692 P.2d 58

**Dolores and Fred HAMEL, Plaintiffs-Appellants,**

v.

**Dr. Harry WINKWORTH, Defendant-Appellee.**

**No. 7625.**

Court of Appeals of New Mexico.

Nov. 21, 1984.

William S. Ferguson, Ferguson & Lind, P.C., Albuquerque, for plaintiffs-appellants.

Harris L. Hartz, Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for defendant-appellee.

**OPINION**

HENDLEY, Judge.

Plaintiffs recovered in a medical malpractice action against defendant. Plaintiffs appeal on the grounds that the trial court inadvertently failed to give a special interrogatory on the need for future medical care. NMSA 1978, § 41–5–7(A) (Repl. Pamp.1982). The trial court ruled that plaintiffs had waived their rights by failing to bring the inadvertent omission to its attention. We agree.

Plaintiffs had tendered a correct interrogatory, NMSA 1978, UJI Civ. 11.40 (Repl. Pamp.1980). The court accepted it, but inadvertently failed to give the interrogatory to the jury after liability was found. Plaintiffs did not call this to the attention of the trial court until after the jury was discharged.

■ Plaintiffs rely heavily on *Gerrard v. Harvey & Newman Drilling Co.*, 59 N.M. 262, 282 P.2d 1105 (1955). However, the fundamental law issue upon which plaintiffs rely from *Gerrard* was a one-judge holding. As such, it is not the holding of our supreme court. *See Primus v. Clark*, 58 N.M. 588, 273 P.2d 963 (1954), and *Casias v. Zia Co.*, 94 N.M. 723, 616 P.2d 436 (Ct.App.1980). Even if we were to follow the one-judge rule in *Gerrard*, plaintiffs would not be aided. The special interrogatory is not an instruction on an essential element. An essential element is one which goes to the making of a prima facie case. *See generally State v. Gunzelman*, 85 N.M. 295, 512 P.2d 55 (1973); *State v. Lujan*, 76 N.M. 111, 412 P.2d 405 (1966); and *State v. Montoya*, 72 N.M. 178, 381 P.2d 963 (1963).

■ The general rule is that in order for an error to be preserved for review it must be brought to the trial court's attention. *State v. Baize*, 64 N.M. 168, 326 P.2d 367 (1958). The purpose of the rule is to alert the trial court so that it has an opportunity to correct the error. *City of Albuquerque v. Ackerman*, 82 N.M. 360, 482 P.2d 63 (1971). This fundamental purpose must be a part of all rules on the subject. The present issue is one of first impression in New Mexico.

Plaintiffs basically argue that, once a tendered instruction was accepted by the trial court, they had fulfilled their obligation and any error was preserved for review. We disagree under the facts of this case.

In *Fantl v. Joyce Pruitt Co.*, 34 N.M. 573, 286 P. 830 (1930), appellee introduced

a letter into evidence and appellant objected. Appellee announced a limited purpose for the evidence. The court admitted the letter, stating that it would limit the use of the evidence in its instructions to the jury. The court inadvertently failed to give the limiting instruction. Appellant did not tender an instruction, nor did he object to the court's omission. The supreme court held that appellant had waived his claim to error because he had tendered no instruction, and in no manner called the court's attention to the matter again.

A party is required to object in order to preserve error when the court inadvertently omits an accepted instruction. To rule differently would create an anomalous situation in which a party is relieved of vigilance when an instruction is entirely omitted, but is required to be vigilant when an instruction is erroneously stated. *See Goldenberg v. Law*, 17 N.M. 546, 131 P. 499 (1913). We hold that a party is required to bring to the court's attention the court's inadvertent failure to instruct the jury on a properly tendered and accepted instruction. Because plaintiffs in this case failed to do so, they waived their right to claim error.

Plaintiffs also argue that they were never given an opportunity to object to the omission of their instruction. They include in their brief an excerpt from a supplemental record, not in the court record, of the exchange between the court and jury as the jury was excused. Aside from the issue of the court's inability to review matters not in the record, *see Morgan v. State Board of Education*, 80 N.M. 754, 461 P.2d 236 (Ct.App.1969), plaintiffs do not indicate that they attempted to object when the jury stated the award—that is, it would be at that point that the plaintiffs should have realized that the jury had not considered future medical care. The parties apparently agreed at trial that the special interrogatory was to be given after the jury verdict of liability. We find nothing to indicate that the court attempted to prevent the plaintiffs from objecting. This argument is likewise without merit.

Affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.