ARK. LA. LUMBER CO. *v.* CAUSEY.

5-1546                                                  312 S. W. 2d 909

Opinion delivered May 5, 1958.

*McKay, Anderson & Crumpler,* for appellant.

*Jack Machen* and *Wendell Utley,* for appellee.

CARLETON HARRIS, Chief Justice. Appellee, Bernadine Causey, was severely injured in a collision on the night of February 19, 1955. Mrs. Causey was driving her automobile from Shreveport, Louisiana, to Camden, Arkansas, on U. S. highway 79, and struck a truck, owned by appellant, Arkansas-Louisiana Lumber Company,[1] a few miles north of Emerson, Arkansas. The collision was the result of the negligence of Haywood Doss, employee of appellant, and driver of the vehicle, in leaving the truck parked crossways in Mrs. Causey's lane of travel. Doss was under the influence of intoxicating liquor at the time, and subsequently pleaded guilty to such charge. Doss was not acting within the scope of his employment at the time, but the case was tried on allegations that the Arkansas-Louisiana Lumber Company was negligent in entrusting the truck to Doss, alleged to be an incompetent driver by reason of being addicted to intoxicants, and driving while under such influence, a fact which was known to appellant, or could have been known by the exercise of ordinary care. On trial, the jury returned a verdict of $17,500, and this appeal is from the judgment of the court awarding such amount.

For reversal, appellant relies upon the following points:

1. There was insufficient proof to show that Doss was habitually addicted to intoxicants while driving and that this fact was known or should have been known by appellant.

2. Appellee's Requested Instruction No. 3 was in error:

---

[1] A partnership, composed of Conway Rucks, Carolyn Una Rucks, W. H. Boswell, Nevel Boswell, Tom R. Earle and Marie Earle.

(A)  In stating that the law charges an owner "who has reason to believe" that a person is addicted to intoxicants is negligent in entrusting a vehicle to him.

(B)  In failing to tie in the addiction to intoxicants with the driving of an automobile.

## I.

We cannot agree with this contention.  Jim Holt, a witness for appellee, testified he had lived at Emerson for 15 years, and was city marshal for about 6 years.  He stated he knew Haywood Doss, and had seen him on numerous occasions driving the company truck after work hours.[2]  On one occasion in 1951, he saw Doss drive the company truck up to a "honkytonk," while under the influence of liquor  .  .  .  Doss got out staggering .  .  .  he (Holt) told Doss he had better get the truck back  .  .  .  "You stay down here and finish getting drunk and you'll run into somebody and kill somebody." He further testified that about a week before the instant collision, he again saw Haywood Doss at Ben Moody's store, and Doss "smelled just like a whiskey barrel" and was thick tongued.  These instances were not reported to any official of Arkansas-Louisiana Lumber Company. Wade Blackwell testified that he had lived in Emerson for some 40 years, and he had frequently seen Haywood Doss driving the company truck outside of work hours .  .  .  that he had seen him drive the company's truck while under the influence of liquor.  From his testimony:

"Well, he come in there one evening to my farm and he got stuck, and I had to take my truck and pull him out—took the tractor and pulled him out; and he was so drunk he didn't know what he was doing, and I told him not to come back in there any more.  He came there to get some of the hands on the place to go riding with him.  I got tired of him coming there bothering my hands; it was a constant thing, him coming there with a

---

[2] This was against company regulations. The employees were permitted to keep the trucks as a matter of transporting hands to and from work, but according to Mr. Conway Rucks, were not supposed to operate them for personal use. Rucks had, on one other occasion, caught Doss violating this rule when an automobile struck this truck one Sunday afternoon when Doss was on his own personal business.

truck and picking up somebody to ride with him on Saturday evenings and on Sndays.''

He testified that he told Mr. Rucks about this occurrence, and added:

''* * * I thought he ought to know it, that his truck driver was running around all over the country at night, and there was going to be some serious damages to somebody's car if there wasn't something done about it.''

He further testified that while serving as constable, he saw Doss driving the truck ''a time or two'' when he was drinking, and that Doss had been convicted of driving while intoxicated on one occasion. This was all the evidence as to a truck being operated by this man while drinking, and appellant asserts that these acts are unrelated, occurring over a period of several years, and are not sufficient to establish that Doss was in the habit of driving while under the influence of intoxicants. The leading Arkansas case with reference to the liability of a person, who permits a known reckless driver, or incompetent driver because of drunkenness, to operate his vehicle, is *Chaney* v. *Duncan,* 194 Ark. 1076, 110 S. W. 2d 21. There, this Court said:

''There is no dispute about the law that if anyone permits another to drive his car, knowing such one to be a reckless or careless driver, or knowing that he is in the habit of becoming intoxicated and driving a car in this condition, he will be liable for any injury caused by the negligence of such driver.''

Appellant argues, that in the case before us, there is no testimony to show that Haywood Doss had a reputation of being an habitual drunken driver. It is conceded that, while proof of general reputation is preferable, such reputation may also be shown by evidence of specific acts. We think the four acts were sufficient to establish a pattern, though it be over a period of several years. From the evidence heretofore mentioned, it would appear that the first act of driving while under the influence of intoxicants occurred between 1949 and 1951, and the last

about a week before the Causey collision. During the interim, the other two occurred. Certainly, it would appear that Doss had not changed his habits from the first time until the last. Mr. Rucks was frequently in Emerson, and it would seem that any sort of investigation would have revealed the conviction. However, we are not here concerned with whether an investigation by Rucks would have revealed Doss's activity in driving the truck while intoxicated, nor are we even concerned with whether he should have made such investigation—for the testimony is positive to the effect that Rucks was told by Blackwell of at least one occasion where Doss was operating the truck "so drunk he didn't know what he was doing." It is true Mr. Rucks denied that this conversation took place, but the credibility of witnesses is a matter for the jury to determine. We conclude that the evidence was sufficient to submit the cause to the jury.

## II.

At the request of appellee, the court instructed the jury as follows:

"You are instructed that an automobile in the possession of and driven by a person under the influence of intoxicating liquor is a dangerous instrumentality, and the law places the duty on the owner of an automobile to use due care in preventing such use of his automobile when such owner knows, or has reason to believe, that the person using his automobile is addicted to intoxicants. And, you are further instructed that if you believe from a preponderance of the testimony that the defendants, or either of them, knew, or by the exercise of ordinary care should have known, that Haywood Doss was addicted to the use of intoxicants then they owed to the plaintiff and to the public at large the duty of exercising due care in preventing the use of their truck by the said Haywood Doss; and, if you further believe that the said Haywood Doss was, at the time of the collision in which plaintiff was injured, under the influence of intoxicating liquor and that the said Haywood Doss was negligent and careless in the operation of defendants

truck thereby causing the injuries to plaintiff, then your verdict will be for the plaintiff, unless you further find that the plaintiff was guilty of negligence contributing to her injuries.''

Appellant specifically objected, first because of the language ''or has reason to believe.'' Appellant states that the proper phraseology would have been ''by the exercise of ordinary care should have known.'' Frankly, we do not see enough difference in the meaning of the language used and the language proposed, to ascertain how any prejudice could have resulted thereby. At any rate, this portion of the instruction complained of is practically identical with that offered in the *Chaney* case, *supra*. There, the language used was ''reasonable grounds for belief,'' which, in our view, has the same meaning. Appellant argues that in the *Chaney* case, this alleged error was not called to the attention of the Court, nor the issue decided. However, a study of the transcript reveals that a specific objection was made to this instruction, and in rendering its opinion, this Court said:

''We have examined carefully the instructions given and refused, and find that there was no error in the court's giving or refusing to give instructions.''

Appellant also complains that the balance of the instruction is erroneous because of the reference to addiction to intoxicants, but not tying in such addiction with the driving of the truck. It is argued that this instruction told the jury that appellant had the duty of preventing Haywood Doss from using their truck, if Doss was addicted to intoxicants, even though Doss had never driven a motor vehicle in his life while under the influence of liquor. It is asserted by appellant that many people drink, who do not thereafter drive. It is not necessary that we determine whether evidence of intoxication, other than while driving, known to the owner of the vehicle, is admissible in a case of this nature, though this same language was used in an instruction in the *Chaney* case, and such evidence there admitted. Here, appellee offered to introduce evidence of intoxication by Doss on other occasions, but the court would not permit it, and there was accordingly no evidence of intoxication in the

record, except for times when Doss was driving the truck. With no such evidence to consider, this part of the instruction, even if appellant's contention be correct, was mere surplusage, and could not have resulted in prejudice to the Arkansas-Louisiana Lumber Company.

Finding no reversible error, the judgment is affirmed.