WALLER *v.* YARBROUGH.

5-2115                                              337 S. W. 2d 641

Opinion delivered May 23, 1960.

[Rehearing denied September 12, 1960]

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Parker & Mobley,* for appellee.

GEORGE ROSE SMITH, J.   On the night of November 22, 1958, Noble Waller, who was then almost nineteen years old, was driving his father's car in the city of Dardanelle.   Shortly before midnight the youth ran a stop sign at an excessive speed and struck the appellees' car, inflicting personal injuries and property damage. The appellees brought suit against Noble Waller, alleg-

ing carelessness in his operation of the automobile, and also against his father, the appellant Eugene Waller, alleging that the elder Waller was negligent in permitting his son to drive ''after having prior knowledge that his son habitually drove in a fast, reckless, and wanton manner.'' The jury imposed liability upon both the father and the son, fixing the plaintiffs' total damages at $10,300. Eugene Waller alone has appealed, contending that there is no substantial evidence to show that he was negligent in entrusting his car to his son. We are of the opinion that this contention must be sustained.

Before this accident Noble had been driving for at least two years, and probably somewhat longer than that. During that time he was never arrested for any traffic violation. The city marshal, called as a witness by the appellees, testified that he had closely observed young Waller's driving for 32 months preceding the trial, that he had never seen the youth driving in a fast or careless manner, and that he had never had occasion to caution the boy. There is no substantive proof (disregarding some testimony admitted for impeachment purposes only) that Noble had ever been involved in a traffic accident before this one.

The appellees produced fourteen witnesses whose testimony was intended to indicate that young Waller was an incompetent driver. Much of this testimony related to conduct not inherently dangerous to others, such as proof that Noble would start off so rapidly that his wheels would spin or spurt gravel, that his tires often squealed as he turned a corner, and that he was inclined to stop too suddenly. Several witnesses, however, also expressed their belief that Noble Waller drove ''too fast,'' ''pretty fast,'' ''at what I thought was too fast a speed,'' ''a little too fast,'' ''too fast to be in town,'' and ''pretty recklessly.'' One witness, a schoolmate of Noble's, described an occasion upon a trip to Russellville when Noble was ''doing somewhere around ninety,'' but otherwise the criticism of Noble's driving consisted of generalized statements of opinion like those that we have mentioned.

In order for the appellees to make a case for the jury it was incumbent upon them to show not only that Noble Waller was an incompetent driver but also that his father knew or should have known that fact. It is not necessary to decide whether the proof sufficiently established Noble's incompetence as a driver, for even if that fact be conceded the appellees failed to show that Eugene Waller had notice of his son's driving habits. Since the family purpose doctrine is not recognized in Arkansas, the appellees had the burden of showing that Eugene Waller was at fault in allowing his son to use the car. *Norton* v. *Hall*, 149 Ark. 428, 232 S. W. 934, 19 A. L. R. 384; *Richardson* v. *Donaldson*, 220 Ark. 173, 246 S. W. 2d 551.

On the issue of the appellant's awareness of his son's faulty driving the appellees offered only one witness, W. W. Warren, a former city marshal who went out of office on December 31, 1956 — about two years before this accident. Warren testified that during his tenure as marshal he talked to Noble two or three times about his driving. "I just talked to him like I would to anyone else about his driving. He needed to slow down." Warren also testified that he discussed the matter at different times with Noble's father. He does not relate what was said in his discussions with the elder Waller, but the jury might fairly have inferred that Warren warned the appellant that his son "needed to slow down." There is no basis for an assumption that anything more than this was said.

We are unwilling to hold that Warren's testimony established a *prima facie* case for the plaintiffs. The one affirmative fact shown is that the city marshal, at some time before the end of 1956, told Mr. Waller that his boy needed to slow down. At most Noble was then barely seventeen years old. His father continued to let him use the car for two years or more, and in that time Noble was not arrested nor involved in any sort of traffic accident. Mr. Waller says, and there is no testimony to the contrary, that he had no reports of any kind about his son's driving, that Noble "was always

pretty careful when I was with him," and that he never had any occasion to inquire about how his son drove. It seems to us that we should really have to adopt the family purpose rule in order to fix liability upon the appellant on the basis of the marshal's mild warning some two years before this accident happened.

In addition to the proof that we have mentioned the plaintiffs offered to show that Noble Waller had the reputation of being a reckless and incompetent driver. The defendants' objection to this proof of reputation was sustained, but under our decisions the evidence was admissible. *Ozan Lbr. Co.* v. *McNeely*, 214 Ark. 657, 217 S. W. 2d 341, 8 A. L. R. 2d 261; *Ark. La. Lbr. Co.* v. *Causey*, 228 Ark. 1130, 312 S. W. 2d 909. Inasmuch as the plaintiffs may be able to show by such evidence that the appellant had notice or knowledge of his son's incompetency as a driver, the case cannot be said to have been fully developed and will therefore be remanded for a new trial.

Reversed.

McFADDIN, J., dissents.