Ernest B. COLLINS, Individually and as Next Friend of Vicki Lynn Collins, a Minor, Appellee,

v.

ARKANSAS CEMENT COMPANY, Appellant.

No. 71–1050.

United States Court of Appeals, Eighth Circuit.

Jan. 3, 1972.

Boyd Tackett, Tackett, Young, Patton & Harrelson, Royce S. Weisenberger, Jr., Autrey & Weisenberger, Texarkana, Ark., for appellant.

C. Wayne Dowd, Thomas S. Arnold, Arnold & Arnold, Texarkana, Ark., for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.

GIBSON, Circuit Judge.

The minor plaintiff Vicki Collins, age six, was injured when playing with a cherry bomb which had been given to her by a 15-year old girl, who had received it from an employee of the defendant. A jury verdict in the amount of $33,000 was entered in the District Court for the Western District of Arkansas. The defendant timely appealed, questioning the sufficiency of the evidence and proximate causation, claiming that the cherry bombs were stolen from its possession by an employee; that the employee was not acting within the scope and course of his employment at the time he purloined the cherry bombs and when he gave them to some children. We think the evidence was sufficient to sustain a verdict on the theory of a negligent entrustment of the cherry bombs by the defendant to the employee, and affirm.

The defendant used cherry bombs in its business for the purpose of dislodging powdered bulk cement in its silos when the cement would become lodged in the silos. The concussion of the cherry bombs, upon explosion in the silos, would dislodge the powdered cement. Chester Morgan, an employee of one and one-half years with the defendant, was entrusted with the cherry bombs from time to time and on several occasions he placed some of the bombs in the back of his truck. When riding around on a Sunday afternoon, on a drinking spree about a month after the latest of these occasions, he came across a group of children and gave them several of the cherry bombs. Ostensibly this was for the purpose of scaring pigeons, but he failed to relate any warning of the dangerous character of these particular type of fireworks. One of the children, Diane McGuire, thinking it was a harmless smoke bomb, that same day gave one of the cherry bombs to the minor plaintiff. The bomb exploded in the minor plaintiff's left hand, causing severe injury.

It was the practice of defendant to keep the cherry bombs under lock and key and to issue them to employees only upon request made to a foreman. No records were kept however of the bombs issued and no precautions were taken to insure that all of the bombs were used for business purposes or returned to the foreman for safekeeping. There was evidence that some of the bombs were left on the dock and occasionally picked up by other workmen, and also evidence of horseplay with the bombs by Morgan and other employees. It is not clear in this case whether Morgan received these particular bombs from the foreman or took them off the dock. However, Mor-

gan admitted taking a number of the bombs home from time to time, more often taking them than not, and that it was commonplace for Morgan to take them home. Morgan's testimony was somewhat contradictory and vague, but he admitted purloining the bombs and giving them to the children. The defendant emphasized in its safety meetings the need for precautions in the use of the cherry bombs and warned that they were dangerous.

In this diversity case we are concerned with Arkansas law on the use of dangerous instrumentalities. Since Morgan admittedly was not within the course of his employment when he was carousing around on a Sunday afternoon and gave the cherry bombs to the children, the only basis for liability would be on the theory of negligent entrustment.

Negligent entrustment is defined in Restatement (Second) of Torts § 390 (1965) as follows:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

Both sides agree that an analysis of the doctrine of negligent entrustment as applied in Arkansas is fairly stated in an article appearing in 20 Ark.L.Rev. & Bar Ass'n J. 101 (1966) titled Woods, Negligent Entrustment: Evaluation of a Frequently Overlooked Source of Additional Liability. It lists the five elements of negligent entrustment as:

"(1) Proof that the entrustee was incompetent, inexperienced or reckless; (2) that the entrustor 'knew or had reason to know' of the entrustee's condition or proclivities; (3) that there was an entrustment of the chattel; (4) that the entrustment created an appreciable risk of harm to the plaintiff and a relational duty on the part of the defendant; (5) that the harm to the plaintiff was 'proximately' or 'legally' caused by the negligence of the defendant."

The defendant contends that the evidence was totally insufficient to make a submissible case on elements (1), (2) and (5). We do not agree and think that while the evidence is marginal in showing prior to this event that Morgan was incompetent, inexperienced or reckless, the proof of this element may be by specific acts of prior misconduct with the instrumentality involved. Ozan Lumber Co. v. McNeely, 214 Ark. 657, 217 S.W.2d 341, 346 (1949); Arkansas-Louisiana Lumber Co. v. Causey, 228 Ark. 1130, 312 S.W.2d 909, 910 (1958), or by testimony of general reputation. Arkansas-Louisiana Lumber Co. v. Causey, *supra*. While the proof must show that the entrustor knew or should have known of the entrustee's propensities,[1] the notice to the foreman that employees were not faithful in returning the unused cherry bombs or were using them in horseplay around the plant was sufficient evidence of misuse, which when coupled with the lax control exercised over their use and the return of unused bombs, was sufficient to make a submissible case on elements (1) and (2) of the doctrine. A notice to the foreman, of course, was notice to the defendant-employer. Producers Gravel &

---

1. Chaney v. Duncan, 194 Ark. 1076, 110 S.W.2d 21 (1937); Ozan Lumber Co. v. McNeely, 214 Ark. 657, 217 S.W.2d 341 (1949); Arkansas-Louisiana Lumber Co. v. Causey, 228 Ark. 1130, 312 S.W.2d 909 (1958); Waller v. Yarbrough, 232 Ark. 258, 337 S.W.2d 641 (1960); Rook v. Moseley, 236 Ark. 290, 365 S.W.2d 718 (1963); Thomas v. Henson, 459 S.W.2d 124 (Ark.1970).

Sand Co. v. Jones, 197 Ark. 767, 126 S.W.2d 99 (1939).

The fifth element noted above, proximate cause, was properly submitted to the jury. Having reason to know of the misuse to which the cherry bombs were being put and the possible tragic results upon such instrumentalities coming into the hands of children, especially those of a tender age, the injury here was clearly foreseeable and was proximately caused by the negligent entrustment.

The latest Arkansas instruction on proximate cause is found in Bull v. Manning, 245 Ark. 552, 433 S.W.2d 145, 148 (1968), where the court defined it as a " 'cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.' A.M.I. 501." The trial court's instructions to the jury properly summarized the Arkansas law and there was no intervening act that would cut off and extinguish the liability of the defendant. The fireworks were initially negligently entrusted to Morgan and the act of his giving them to children with them relaying the bombs to other children was clearly foreseeable. As noted in Hartsock v. Forsgren, Inc., 236 Ark. 167, 365 S.W.2d 117, 118 (1963), if the act of the third party was foreseeable it does not break the chain of causation upon which the defendant's liability rests.

It appears that Diane McGuire did not appreciate the nature of the device nor did she realize the dangerous potentialities and she was not warned thereof. The minor plaintiff's mother likewise was ignorant of the dangerous propensities of the device.

While there are some old Arkansas cases that lend some support to defendant's position, particularly on intervening cause, we do not think the District Court erred in its interpretation of the Arkansas law and the Arkansas cases dealing with negligent entrustment.

Judgment affirmed.