692 P.2d 537

**Ronald McCARSON, as Personal Representative of the Estate of Ruel W. McCarson, deceased, and as surviving son of such decedent, Plaintiff-Appellee,**

v.

**Skip FOREMAN, Foreman Oil Company, Roy Foreman and Alleene Foreman, his wife, jointly and severally, Defendants-Appellants.**

**No. 7574.**

Court of Appeals of New Mexico.

Dec. 4, 1984.

Edward E. Triviz, Edward E. Triviz, P.A., Las Cruces, Glenn B. Neumeyer, Norman E. Todd, Keith S. Burn, P.A., Las Cruces, for plaintiff-appellee.

J.E. Casados, Gallagher & Casados, P.C., Albuquerque, for defendants-appellants.

## OPINION

MINZNER, Judge.

Defendants-Appellants Roy and Skip Foreman appeal from a jury verdict of $350,000 in a wrongful death suit arising out of an automobile accident which occurred in Las Cruces, New Mexico, on September 27, 1981. On appeal, defendants claim that the trial court erred in admitting certain evidence and that the error requires reversal. Defendants also claim errors in the jury instructions require reversal. We affirm the trial court's rulings.

### FACTS

Roy Foreman is the principal owner of Foreman Oil Company. Skip, Roy's son, was employed as a general manager of the marketing branch of the family business. Because Skip's job required extensive travelling, he had unrestricted use of a company vehicle, a one-ton, short-bed truck. Roy was responsible for the company policy permitting Skip's unrestricted use of the vehicle.

Skip attended a barbeque on the evening of the accident. The record contains evidence that he had been drinking at the party. Shortly after Skip left the party, the company truck in which he was travelling crossed the median on New Mexico State Highway 28 and collided with Ruel W. McCarson's vehicle. Ruel suffered extensive injuries, which resulted in his death.

Plaintiff Ronald McCarson's suit alleged negligent driving as to Skip and negligent entrustment as to Roy. Skip defended on the ground that he was not driving at the time of the accident. He testified that he picked up two hitchhikers, one of whom he recognized but could not name, shortly after leaving the party. Skip testified that he let one hitchhiker drive, fell asleep, and awoke after the collision to find that both hitchhikers had departed the scene of the accident. Skip also suffered injuries in the accident. Roy defended on the ground that he had no actual knowledge, or any reason to know, that Skip was a reckless or incompetent driver and that, consequently, the entrustment was not negligent.

Defendants raise four arguments on appeal: (1) admission of a cocaine charge against and plea agreement by Skip was improper on the issue of negligent entrustment against Roy and fatally prejudicial on the negligence claim against Skip; (2) absent evidence of the cocaine charge, there was insufficient evidence to support a verdict against Roy for negligent entrustment; (3) the trial judge gave an improper burden of proof instruction that is reversible error; and (4) the trial judge erred in instructing on damages, because he modified the Uniform Jury Instruction in a way that allowed the jury to award duplicate damages. Because the first and second issues are closely related, we consider them together.

## I. ADMISSIBILITY OF COCAINE CHARGE AND PLEA AGREEMENT

The trial court admitted over defendants' objection evidence that Skip was arrested for trafficking in cocaine in January 1981, some eight months prior to the accident. After two trials, the first of which resulted in a hung jury, in October 1982 Skip pled guilty to a reduced charge of possession of cocaine. The cocaine was seized from the company truck. The trial court also admitted over objection evidence of a September 1980 DWI citation, which resulted in conviction prior to the accident. Roy had knowledge of these incidents prior to the accident.

The trial judge cautioned the jury that it might consider the plea agreement only on the negligent entrustment claim and not in relation to the claim of negligence against Skip. In response to defendants' renewal of a continuing objection, the trial judge also periodically cautioned the jury that evidence of prior acts was admissible only on the negligent entrustment claim.

Defendants contend first that evidence of the cocaine charge was irrelevant under NMSA 1978, Evid.Rules 401 and 402 (Repl. Pamp.1983), and that, even if relevant, admission of such evidence constituted error because its prejudicial effect outweighed its probative value. NMSA 1978, Evid.R. 403 (Repl.Pamp.1983). On the basis of their argument that evidence of the cocaine charge was inadmissible, defendants reason that Skip was prejudiced on the trial of his negligence and that Roy was prejudiced because the remaining evidence was insufficient to support the negligent entrustment verdict.

■■■ There is a risk of prejudice where drug charge testimony is introduced. *See United States v. Kizer*, 569 F.2d 504 (9th Cir.1978), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71 (1978). However, the risk of prejudice must be weighed against the probative value of the evidence in light of the plaintiff's theory. *See* Evid.R. 403. The trial judge has a great deal of discretion in making the balance required by the Rule. *Mac Tyres, Inc. v. Vigil*, 92 N.M. 446, 589 P.2d 1037 (1979). His ruling is reversible error only in case of abuse. *Id.* Given the trial judge's continued admonitions regarding the restricted use of the evidence, we hold that he did not abuse his discretion in admitting evidence of the cocaine charge. He was entitled to conclude that, given McCarson's theory, the relevance outweighed potential prejudice.

Our prior decisions have recognized negligent entrustment claims, but we have not had occasion in prior cases to identify the elements of the tort. *See Bryant v. Gilmer*, 97 N.M. 358, 639 P.2d 1212 (Ct.App. 1982); *McKee v. United Salt Corp.*, 96 N.M. 382, 385, n. 1, 630 P.2d 1237, 1240 (Ct.App.1980). Courts in other jurisdictions have identified various elements of a negligent entrustment theory in an automobile context. *See* Woods, *Negligent Entrustment: Evaluation of a Frequently Overlooked Source of Additional Liability*, 20 Ark.L.Rev. 101 (1966). *See also Hines v. Nelson*, 547 S.W.2d 378 (Tex.Civ. App.1977).

In this case, the court instructed the jury on the essential elements of the tort. Defendants have not challenged the instruction on appeal. Thus, the evidentiary question we must answer is whether the evidence was relevant to the elements as set forth in the instruction. The relevant portions of the instruction were that, in order to recover on the theory of negligent entrustment, McCarson had the burden of proving "(1) [t]hat [Roy] Foreman ... knew or should have known that Skip Foreman was an incompetent or unfit driver; (2) [t]hat [Roy] Foreman permitted the unrestricted use of [the company] truck by Skip Foreman."

■■■ As a general rule, evidence of character or reputation of a party to a civil action is inadmissible, as is evidence of prior acts indicating incompetence. *See* Note, *Torts: Negligent Entrustment in Oklahoma*, 24 Okla.L.Rev. 392 (1971). In an entrustment case, however, the competence and fitness of the driver are issues of fact. *Id.* As a result, evidence of prior specific acts indicating incompetence or unfitness are admissible on the separate questions of the entrustee's competence or fitness and the entruster's knowledge. We hold that the evidence is relevant on the issue of Skip's fitness or competency to drive and on Roy's knowledge or reason to know of his son's fitness or competency to drive.

■■■ General principles of negligence are relevant to the determination of negligent entrustment. *See Hartford Accident & Indemnity Co. v. Abdullah*, 94 Cal. App.3d 81, 156 Cal.Rptr. 254 (1979). The

theory of negligent entrustment has been described as follows:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*Restatement (Second) of Torts* § 308, at 100 (1965). In other words, it is negligent to make an entrustment that creates an appreciable risk of harm.

■ McCarson's theory at trial was consistent with the general theory of negligent entrustment and with the elements on which the jury was instructed. McCarson introduced evidence at trial in an effort to prove that Roy was negligent in entrusting a company vehicle without restriction to Skip, given evidence of Skip's habits in connection with the truck. The prior DWI citation and conviction have probative value as to this theory, because that conviction stemmed from an incident during which Skip was stopped while driving the company truck. It was relevant evidence on the issue of Skip's competence or recklessness as a driver. Further, Roy knew about the conviction.

■ The cocaine charge is also relevant to McCarson's theory that Skip's habits, including the use of drugs, generally made him an unfit driver. Defendants have argued that the plea agreement is irrelevant, because it came after the accident, but the record indicates the plea is related to a charge that occurred prior to the accident.

The charge and the plea agreement are facts from which the jury might infer the use of drugs. Even though the charge was trafficking, Skip ultimately pled to a charge of possession. Drug use during or close to the time the truck was driven would be relevant to a charge of reckless driving. *See State v. Sandoval,* 88 N.M. 267, 539 P.2d 1029 (Ct.App.1975) (any evidence of drinking is relevant as a circumstance for the jury to consider on the issue of reckless driving). *Cf. State v. Lopez,* 99 N.M. 791, 664 P.2d 989 (Ct.App.1982) (fact of possession was not probative of plaintiffs' negligence on facts of case). Under the circumstances of this case, we hold the evidence tended to prove facts relevant to McCarson's theory.

■ Contrary to defendants' contention on appeal, McCarson's theory of negligent entrustment did not require evidence that Roy knew Skip was intoxicated on a specific occasion and subsequently Roy entrusted the truck to Skip on that occasion. Rather, unfitness to drive might exist as a result of habits of which the entruster is actually aware or of which he should know. *See Powell v. Langford,* 58 Ariz. 281, 119 P.2d 230 (1941); *Chaney v. Duncan,* 194 Ark. 1076, 110 S.W.2d 21 (1937); *Slaughter v. Holsomback,* 166 Miss. 643, 147 So. 318 (1933). *Cf. Crowell v. Duncan,* 145 Va. 489, 134 S.E. 576 (1926) (where owner of a taxi permitted his son to drive it for personal use, knowing that he was given to drinking and likely to drive while intoxicated, owner was liable for injuries caused by son when he had been drinking).

The fact that the cocaine charge did not involve driving while intoxicated or under the influence of drugs does not make it irrelevant. *See V.L. Nicholson Const. Co. v. Lane,* 177 Tenn. 440, 150 S.W.2d 1069 (1941). Evidence of the charge of trafficking in cocaine, given the fact that the cocaine was seized from the truck, provides a second instance from which the jury might infer Roy should have known that Skip's habits made him an unfit driver. It is undisputed that Roy knew about the charge.

Defendants contend that one incident in the past is insufficient to establish that the entruster had reason to know of the driver's lack of fitness to drive. Defendants make this argument on the assumption that the prior DWI is the only relevant evidence on the issue presented to the jury. We have considered, however, whether there was other evidence to support a claim of negligent entrustment, so that the intro-

duction of the cocaine charge was not prejudicial.

We agree with the view expressed in *Guedon v. Rooney,* 160 Or. 621, 87 P.2d 209 (1939), that one or two specific acts of negligence are generally insufficient to establish incompetence since even a perfectly competent driver occasionally will act negligently. However, we conclude, as have other courts, that the entrustee's habits may be such that the owner should know that the driver is likely to become drunk or otherwise unfit at any time. *See Powell v. Langford; Chaney v. Duncan.* In such circumstances, it would be negligent to let the entrustee drive at any time. *See Petermann v. Gary,* 210 Miss. 438, 49 So.2d 828 (1951).

We hold that potential prejudice was outweighed by the probative value of the evidence, because of the other evidence related to that theory. *See Arkansas-Louisiana Lumber Co. v. Causey,* 228 Ark. 1130, 312 S.W.2d 909 (1958). Evidence of Skip's social drinking habits, as well as evidence of several speeding tickets and warnings, was introduced. In addition, Skip took Tagamet, medication for ulcers, which enhances the physical effects of alcohol. Although the record does not support a finding that Roy knew all of the facts, there is evidence from which a jury could find that he should have known.

Roy testified that he was the person at the company who was responsible for checking on the drivers from time to time but he also testified that he did not make an effort to acquaint himself with Skip's social habits. No action was taken to inquire into Skip's habits after the DWI and cocaine charges surfaced. Roy attended the trial of the trafficking charge, at which Skip's doctor testified about the effects of Tagamet. There was evidence that, although another employee driver was terminated as a result of a prior DWI charge, Skip's use of the truck was not affected. Under these circumstances, a jury was entitled to find that lack of knowledge of some of the relevant facts was an aspect of Roy's negligence in entrusting the vehicle on an unrestricted basis. *See Levy v. McMullen,* 169 Miss. 659, 152 So. 899 (1934).

Defendants have not raised the issue of sufficiency of the evidence of negligent entrustment. Accordingly, the issue is not decided. Defendants have argued instead that if the cocaine charge and plea agreement were inadmissible, there was insufficient evidence of negligent entrustment.

Skip further complains that introduction of evidence of a cocaine charge and nolo contendere plea entered subsequent to the accident at issue was so prejudicial as to deny him a fair trial on the negligent driving claim. There was more than sufficient evidence in this record to justify the negligence verdict against Skip, and the trial judge gave sufficient limiting instructions to the jury at the time he admitted the testimony. The trial judge also generally instructed the jury to consider the two claims as independent actions. There was no reversible error as to Skip in permitting the introduction of this evidence. *See Mascarenas v. Gonzales,* 83 N.M. 749, 497 P.2d 751 (Ct.App.1972).

## II. INSTRUCTIONS ON BURDEN OF PROOF

Defendants complain that the court erred in submitting erroneous burden of proof instructions. They contend that the trial court required defendants to establish Skip's defense that he was not driving.

Instruction 1 sets out McCarson's claims, including the claim of negligent driving by Skip. Each contention in the instruction involves either Skip's operation of the truck or his failure to control the truck. This instruction does not refer to any defenses raised by defendants. The instruction describes McCarson as having the burden of proof on Skip's negligence, although the reference is not repeated as each specific claim of negligence is outlined.

Instruction 2 states, in relevant part, "It is a general rule, applicable in all civil cases, that a party seeking a recovery *or a*

*party relying upon a defense* has the burden of proving every essential element of his claim *or defense* by the greater weight of the evidence." (Emphasis added.) *Cf.* NMSA 1978, UJI Civ. 3.6 (Repl.Pamp.1980) (the use instructions indicate that the underlined material should be deleted when the defendant makes no affirmative defense). Defendants claim that the underlined language in Instruction 2, and the failure to specify in Instruction 1 that McCarson must prove that Skip was driving the truck at the time of the accident, combined to mislead the jury.

Where the instructions, considered as a whole, fairly present the issues and the law applicable thereto, they are sufficient. *Flanary v. Transport Trucking Stop*, 78 N.M. 797, 438 P.2d 637 (Ct. App.1968). These instructions fairly present the issues and the relevant law, but for the fact that the underlined portion of Instruction 2 should have been excised. We conclude, however, that defendants failed to preserve the error.

Defendants offered a correct form of UJI Civ. 3.6, but they did not raise the claim made on appeal until after the jury had retired. Under these circumstances, defendants failed to preserve error. *See City of Albuquerque v. Ackerman*, 82 N.M. 360, 482 P.2d 63 (1971). Defendants should have called the problem to the trial judge's attention, so that he could correct the error, before the jury retired. *Id. See also Hamel v. Winkworth*, 102 N.M. 133, 692 P.2d 58 (Ct.App.1984).

Defendants have argued that, in objecting to Instruction 1 because it failed to specify that McCarson was required to prove Skip was driving, they sufficiently alerted the trial judge to the problem with Instruction 2. We disagree. Absent the comparison with Instruction 2, the trial judge was entitled to conclude that the instruction fairly presented the issues and the relevant law on the burden of proof.

Further, there has been no showing that the jury was misled by the tendered instructions. Absent evidence of prejudice, we would find no error. *See Jewell v. Seidenberg*, 82 N.M. 120, 477 P.2d 296 (1970).

## III. PROPRIETY OF DAMAGE INSTRUCTION

Defendants finally claim that the trial court impermissibly altered the appropriate damages instruction by elaborating on the type of damages which could be awarded. The trial court gave an instruction that generally tracked NMSA 1978, UJI Civ. 18.30 (Cum.Supp.1984). However, the trial court prefaced the instruction with the following language: "Plaintiff brings this lawsuit as personal representative of Ruel McCarson, the deceased. A statute of this state allows damages, *compensatory and exemplary*, to be awarded for surviving beneficiaries should death be proximately caused by the wrongful act, neglect or default of another." (Emphasis added.)

Defendants complain that the instruction, by referring to exemplary damages but failing to define the term, *see* NMSA 1978, UJI Civ. 18.27 (Repl.Pamp.1980), required the jury to speculate as to the damages to be awarded and allowed the jury to duplicate the noncompensatory damages it awarded. Defendants note that the instruction also informed the jurors they might, having determined liability, consider the mitigating or aggravating circumstances attending the wrongful act, neglect, or default, in fixing damages.

Defendants recognized during trial that both compensatory and exemplary damages are recoverable in a wrongful death action. Indeed, the court's prefatory language tracked the language of NMSA 1978, Section 41–2–3 (Repl.Pamp.1982), referenced in the Committee Comment of UJI Civ. 18.30, in instructing on the availability of both types of damages. Another instruction defined "aggravating circumstances." Under these circumstances, we hold the additional language represented a minor deviation.

Minor deviations from the appropriate Uniform Jury Instructions are not

reversible error in the absence of a showing of prejudice. *Anderson v. Welsh*, 86 N.M. 767, 527 P.2d 1079 (Ct.App.1974). There has been no showing of prejudice. There is no indication in the record, or in the size of the jury verdict, that the jury was in any way misled or confused by the instruction. There is similarly no evidence of prejudice to defendants in the giving of this instruction.

The jury verdict against defendants is affirmed.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.