929 P.2d 982

Christina RAMIREZ, Individually; Christina Ramirez, as Parent and Guardian of her son, Anthony Ramirez; and Christina Ramirez, as Personal Representative of the Estate of her deceased daughter, Monica Ramirez, Third–Party Plaintiff–Appellant,

v.

Vincent RAMIREZ, Third–Party Defendant–Appellee.

No. 16863.

Court of Appeals of New Mexico.

Oct. 28, 1996.

John H. Tull, Jr., Will Ferguson & Associates, Santa Fe, for Appellant.

Candace J. Welch and Richard M. Padilla, Hatch, Allen & Shepherd, P.A., Albuquerque, for Appellee.

## OPINION

ALARID, Judge.

1. Third–Party Plaintiff, Christina Ramirez (Christina), appeals from the grant of summary judgment to Third–Party Defendant, Vincent Ramirez (Vincent), on the ground that he is not liable under the family purpose doctrine. We affirm.

## FACTS

2. The undisputed facts leading up to the incident are as follows: Vincent was accompanied by his brother, Mark Ramirez (Mark), when he rented a Ford Explorer to assist their deceased uncle's wife, Christina, in her move from Colorado to Albuquerque. Although the vehicle was rented solely in Vincent's name, Mark was listed on the rental agreement as an "authorized other driver." From time to time, Mark and Vincent resided in the same house and shared expenses, but Vincent did not support Mark. Both brothers are employed adults with their own cars and insurance. At the hearing on the motions, Vincent did not seriously dispute, and the trial judge concluded, that Vincent, as renter, stood in the shoes of the owner of the car for purposes of the family purpose doctrine.

3. Two days after the vehicle was rented, Mark was driving through Santa Fe County on the way to Albuquerque with Christina's two children as passengers when the accident occurred. One child was killed and the other was badly injured. Christina and Vincent were driving in her car, which was not involved in the accident.

## PROCEDURAL HISTORY

4. The case arises out of this single-car accident and originally began as an interpleader by the insurance company that insured the rental vehicle involved in the accident. Christina and her two children subsequently filed suit against the driver, Mark, and his insurance company. Christina was not involved in the accident but claims injury in her parental capacity and on behalf of the children. Christina also filed suit against the driver's brother, Vincent, who was the renter of the vehicle,

under the doctrines of respondeat superior, negligent entrustment, and family purpose. Vincent filed a motion for summary judgment on the basis that the family purpose doctrine was inapplicable. In response, Christina also moved for summary judgment on the applicability of the doctrine.

5. At the hearing on the motions, Christina withdrew her claims under the respondeat superior and negligent entrustment doctrines, leaving only the family purpose claim. The trial court granted Vincent's summary judgment motion, holding that the family purpose doctrine did not apply because the vehicle was not used for general family use and convenience. Christina appeals the grant of summary judgment and the denial of her summary judgment motion.

DISCUSSION

6. The question presented by this appeal is whether or not, as a matter of law, Vincent is liable under the family purpose doctrine. The family purpose doctrine is based upon "the public policy to require a responsible person to answer for damages caused by the user of the family car." *Madrid v. Shryock*, 106 N.M. 467, 469, 745 P.2d 375, 377 (1987). Since the applicability of the doctrine in this case is purely a matter of law, this Court reviews the trial court's ruling under a *de novo* standard. *See Western Bank v. Malooly*, 119 N.M. 743, 748, 895 P.2d 265, 270 (Ct.App.1995). If facts are undisputed and only the legal interpretation of those facts remains, summary judgment is the appropriate remedy. *See Board of County Comm'rs v. Risk Management Div.*, 120 N.M. 178, 179, 899 P.2d 1132, 1133 (1995). Summary judgment is proper when the case presents no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Fernandez v. Ford Motor Co.*, 118 N.M. 100, 104, 879 P.2d 101, 105 (Ct.App.), *certs. denied*, 118 N.M. 90, 879 P.2d 91 (1994).

7. The trial court appears to have decided the case based on an old jury instruction as recited in *Madrid*, and failed to consider the current jury instruction. The new instruction substantially modified the criteria for the application of the family purpose doctrine. *Compare* NMUJI 1996, 13–1210 ("the motor vehicle operated by *(driver)* [was made available by *(head of household)* to *(driver)* for any purpose on this occasion]") *with* SCRA 1986, 13–1210 ("If you find the motor vehicle operated by *(driver)* was furnished by its owner for general family use and convenience, then the owner is liable[.]"). Neither the trial court nor the parties mentioned the current jury instruction.

8. Nevertheless, "we are not bound by [the] grounds purportedly used by the trial court as the basis for the granting of summary judgment." *C & H Constr. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 156, 597 P.2d 1190, 1196 (Ct.App.1979); *cf. Ledbetter v. Webb*, 103 N.M. 597, 604, 711 P.2d 874, 881 (1985) (trial court's verbal comments can be used to clarify a finding, but not to reverse a finding). Although this Court "will not affirm on a ground not relied on by the trial court if it would be unfair to [the] appellant to do so," *Eldin v. Farmers Alliance Mut. Ins. Co.*, 119 N.M. 370, 376, 890 P.2d 823, 829 (Ct.App.1994), that does not appear to be a problem here. There is no harm to Christina here because our disposition of this case rests on grounds which Vincent raised at the hearing below.

9. Christina's argument is that since Vincent let his brother, who caused the accident, drive the car, the family purpose doctrine applies. The trial court verbally based its decision on the fact that Vincent did not furnish the car for general family use. At the hearing on the motion, as well as in the accompanying briefs, Christina argued that the vehicle was employed for general family use—that the use was a "family affair." We note that it is only in the motion to reconsider and on appeal that Christina argues that the use of the vehicle need not be general. Vincent argues the issue was not preserved to the extent that Christina now claims that *Madrid* supports her position. Nevertheless, we conclude that the issue was adequately preserved for appeal since the motion to reconsider was before the trial court prior to its entry of the order and it does raise this issue. *See* NMRA 1996, 12–216(A) ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]").

592

■  10.  In any event, we need not decide whether the vehicle must be furnished for general family use.  We hold that the family purpose doctrine is not applicable based on the policy considerations addressed in the *Madrid* opinion.  In fact, the true focus of *Madrid* is the policy behind the family purpose doctrine.  Although the Court did not overrule previous cases that analogized the family purpose doctrine with agency principles, it held that "a more accurate justification of [the] family purpose [doctrine]" is "a recognition of the public policy to require a responsible person to answer for damages caused by the user of the family car." *Madrid*, 106 N.M. at 469, 745 P.2d at 377.  The doctrine is founded on "humanitarian principles designed to protect the public' from financially irresponsible drivers." *Id.* (quoting *First–City Bank & Trust Co. v. Doggett*, 316 S.W.2d 225, 229 (Ky.1958)).  The idea is that if auto owners are "held liable for the negligent operation of a vehicle which they furnish for family use by a family member *who is financially irresponsible*, the owner will exercise a greater degree of care in preventing or permitting one to drive the vehicle." *Id.* at 470, 745 P.2d at 378 (emphasis added).

11.  In this case, as in *Madrid*, the driver of the vehicle was not financially irresponsible.  Mark had his own liability coverage in addition to that provided by the rental car company.  Vincent and Mark did not live together, and more significantly, Vincent was not the "head of the household." *See* NMU-JI 13–1210; *Black's Law Dictionary* 720 (6th ed. 1990) ("Head of household.  An individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for the dependent individuals is based upon some moral or legal obligation."); *see also Central Nat'l Ins. Co. v. Sisneros*, 173 F.Supp. 757, 761 (D.N.M. 1959) (" 'household' embraces a collection of persons as a single group, with one head, living together"); *State Farm Auto. Ins. Co.*, 93 N.M. at 492, 601 P.2d at 725.  Consequently, Mark was not a member of Vincent's household for purposes of the doctrine.

*Cf. Madrid*, 106 N.M. at 471, 745 P.2d at 379 (the mere fact that driver lived in the family home and a family member was a passenger was insufficient to establish a "family purpose").

CONCLUSION

12.  Accordingly, the family purpose doctrine is not applicable to this case because Mark is not a member of a household where Vincent is the head.  It is also not applicable for policy reasons.  Mark was not a financially irresponsible driver. *Id.* at 470, 745 P.2d at 378.  Therefore, we affirm the trial court's grant of summary judgment in favor of Vincent even though it was based on a superseded uniform jury instruction and affirm the trial court's denial of Christina's motion for summary judgment. *See Williams v. Williams*, 109 N.M. 92, 95, 781 P.2d 1170, 1173 (Ct.App.) (the Court of Appeals will affirm a trial court's decision that reaches the correct result for the wrong reason), *cert. denied*, 109 N.M. 54, 781 P.2d 782 (1989).

13.  IT IS SO ORDERED.

HARTZ and FLORES, JJ., concur.